CALEB THOMPKINS, plaintiff in error, vs. WILLIAM DAVIS, defendant in error.

No appeal lies to the Superior Court from a Monthly Term of the County Court.

Motion to Dismiss Appeal. In Bartow Superior Court. Decided by Judge MILNER. October Adjourned Term, 1866.

This was an appeal in a case of debt, tried by jury in the County Court, at a monthly session. In the Superior Court, counsel for the appellee moved to dismiss the appeal, on the ground that the appellant had no legal right to enter an appeal to the Superior Court in such a case, and the latter Court had, consequently, no jurisdiction.

The Court dismissed the appeal, and this is complained of as error.

WOFFORD & PARROTT, for plaintiff in error.

AKIN, for defendant.

LUMPKIN, C. J.

The only point involved in this case, is, whether an appeal lies from the monthly sessions of the County Court to the Superior Court? We think not. The word appeal is used but once, and that in the 12th Section of the Act or-

ganizing the County Court, and the whole Section applies only to the semi-annual sessions of that Court. *Acts* 1865–6, *page* 66.

In the semi-annual session, cases are commenced, served and tried as in the Superior Courts; but in the monthly sessions, as in the Justice's Courts. *Sec.* 24, *page* 68.

The trials of claims and attachments in the monthly sessions, shall be the same as in Justice's Courts; but in the semi-annual sessions, the same as in the Superior Courts. *Sections* 32–3. There is no appeal allowed from Justice's Courts to the Superior Courts.

Can there be any reason assigned for allowing an appeal from a verdict of a jury at the monthly sessions, where a suit is brought in the ordinary way, and not allowing it in a claim case or attachment?

The whole Act shows that it was the intention of the Legislature to facilitate the collection of small debts; but if appeals are to be allowed on every $5 note or account, expense and delay will be greatly increased.

Judgment affirmed.